Thomas M. Furth (TF 0785)
Matthew H. Cohen (MC 6513)
KUDMAN TRACHTEN ALOE LLP
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010
Attorneys for the Defendant-Counterclaimant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JOE'S JEANS SUBSIDIARY, INC. and JOE'S
JEANS, INC.,

      Plaintiffs and Counterclaim-defendants,      ECF Case
                                                         Case No. 08 CV 3248 (RWS)
            -against-

MAGGY LONDON INTERNATIONAL, LTD.,      **TRIAL BY JURY DEMANDED**

      Defendant and Counterclaim-plaintiff.
-------------------------------------------------------------X

## ANSWER AND COUNTERCLAIMS

Defendant Maggy London International, Inc. (hereinafter "Maggy London"), by and through its undersigned counsel, as and for its answer and counterclaims in response to the complaint herein, alleges as follows:

1.      The allegations set forth in Paragraph 1 of the Complaint set forth conclusions and legal matters which are not proper allegations of fact and, accordingly, no answers are made thereto. To the extent responses are required, defendant denies the allegations set forth in Paragraph 1 of the Complaint.

2.      Responding to Paragraph 2 of the Complaint, Maggy London admits that the Complaint purports to state causes of action under the cited theories and statutory bases.

3.      Maggy London admits the allegations of Paragraph 3 of the Complaint.

4. Responding to Paragraph 4 of the Complaint, Maggy London admits that the Complaint purports to state causes of action under the cited theories and statutory bases.

5. Maggy London admits the allegations of Paragraph 5 of the Complaint.

6. Maggy London admits the allegations of Paragraph 6 of the Complaint.

7. Maggy London admits the allegations of Paragraph 7 of the Complaint.

8. Maggy London is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9. Maggy London admits the allegations of Paragraph 9 of the Complaint.

10. Maggy London is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Maggy London is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12. Maggy London is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Maggy London denies the allegations of Paragraph 13 of the Complaint.

14. Maggy London denies the allegations of paragraph 14 of the Complaint.

15. Maggy London is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16. Maggy London is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

17. Responding to Paragraph 17 of the Complaint, Maggy London avers that its products include, without limitation, floral patterned dresses, blouses, and skirts and that its products are sold through retail women's clothing stores and department stores. Maggy London

further avers that it does not currently sell jeans or other denim products. Except as so averred, Maggy London denies the allegations of Paragraph 17.

18. Responding to Paragraph 18 of the Complaint, Maggy London avers that it has used and uses its registered trademark MUSE, which is not an "alleged" trademark, but rather one which enjoys the evidentiary presumptions of a U.S. Trademark Registration, on dresses, blouses, pants, skirts, jackets, coats, sweaters, shirts, tops, and accessories, namely scarves. Maggy London further avers that its trademark registration, No. 2,589,023 has become incontestable pursuant to Section 15 of the Trademark Act, 15 U.S.C. § 1065.

19. Maggy London is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20. Maggy London is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21. Maggy London admits the allegations of Paragraph 21 of the Complaint.

22. Responding to Paragraph 22 of the Complaint, Maggy London admits that Exhibit C to the Complaint is a copy of a letter from Joe's Jeans's counsel to Maggy London's counsel. Except as so admitted, Maggy London is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23. Responding to Paragraph 23 of the Complaint, Maggy London admits that Exhibit D to the Complaint is a copy of a letter from Joe's Jeans's counsel to Maggy London's counsel. Maggy London further admits that the letter contains statements more or less as characterized in Paragraph 23. Except as so admitted, Maggy London is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24. Responding to Paragraph 24 of the Complaint, Maggy London admits that Exhibit E to the Complaint is a copy of a letter dated January 29, 2008 that its counsel wrote to Joe's Jeans's counsel. Maggy London denies that the characterizations made in Paragraph 24 of the contents of that letter are correct.

25. Responding to Paragraph 25 of the Complaint, Maggy London avers that any discussions between its counsel and counsel for Joe's Jeans were in the nature of settlement discussions. Except as so averred, Maggy London denies that the characterization in Paragraph 25 of those discussions is accurate.

26. Maggy London is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27. Responding to Paragraph 27 of the Complaint, Maggy London repeats each of its responses contained in paragraphs 1 through 26 hereof.

28. Maggy London admits the allegations of Paragraph 28 of the complaint.

29. Maggy London denies the allegations of Paragraph 29 of the Complaint.

30. Maggy London denies the allegations of Paragraph 30 of the Complaint.

31. Maggy London denies the allegations of Paragraph 31 of the Complaint.

32. Maggy London denies the allegations of Paragraph 32 of the Complaint.

33. Maggy London denies the allegations of Paragraph 33 of the Complaint.

34. Maggy London denies the allegations of Paragraph 34 of the Complaint.

35. Maggy London denies the allegations of Paragraph 35 of the Complaint.

36. Maggy London admits that Joe's Jeans is seeking the declaratory relief described in Paragraph 36 of the Complaint.

37. Responding to paragraph 37 of the Complaint, Maggy London repeats each of its responses contained in Paragraphs 1 through 36 hereof.

38. Maggy London admits the allegations of Paragraph 38 of the Complaint.

39. Maggy London denies the allegations of Paragraph 39 of the Complaint.

40. Maggy London denies the allegations of Paragraph 40 of the Complaint.

41. Maggy London admits that Joe's Jeans is seeking the declaratory relief described in Paragraph 41 of the Complaint.

42. Responding to paragraph 42 of the Complaint, Maggy London repeats each of its responses contained in Paragraphs 1 through 41 hereof.

43. Maggy London admits the allegations of Paragraph 43 of the Complaint.

44. Maggy London denies the allegations of Paragraph 30 of the Complaint.

45. Maggy London admits that Joe's Jeans is seeking the declaratory relief described in Paragraph 45 of the Complaint.

46. Responding to paragraph 46 of the Complaint, Maggy London repeats each of its responses contained in Paragraphs 1 through 45 hereof.

47. Maggy London denies the allegations of Paragraph 47 of the Complaint.

48. Maggy London denies the allegations of Paragraph 48 of the Complaint.

49. Maggy London admits that Joe's Jeans is seeking the declaratory relief described in Paragraph 49 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs come to this Court with unclean hands.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs are barred from the relief requested because of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiffs are barred from the relief requested because of the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs are barred from the relief requested because of the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE
### (Acquiescence)

Plaintiffs are barred from the relief requested because of their acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE
### (Incontestability)

Defendant's registration of the trademark for MUSE has become incontestable pursuant to Section 15 of the Trademark Act.

## EIGHTH AFFIRMATIVE DEFENSE
### (Likelihood of Confusion)

Defendant's incontestable trademark registration for the mark MUSE includes "pants" within the identification of goods. Defendant manufactures and distributes pants in interstate commerce under the trademark MUSE. Plaintiffs admitted use of the mark MUSE in connection with their manufacture, sale and distribution of denim pants in interstate commerce creates a likelihood of confusion and constitutes trademark infringement, unfair competition and false designation of origin.

**WHEREFORE**, Defendant and Counterclaim-Plaintiff Maggy London respectfully requests that the Court award it a judgment:

A. Denying Plaintiffs and Counterclaim-Defendants Joe's Jeans Subsidiary, Inc. and Joe's Jeans, Inc.'s request for declaratory relief in all respects;

B. Finding this case to be exceptional within the meaning of 15 U.S.C. § 1117(a);

C. Awarding Defendant and Counterclaim-Plaintiff Maggy London its attorneys' fees, expenses and costs incurred in this action; and

D. Awarding Maggy London such further relief as the Court finds just and proper.

## COUNTERCLAIMS

1. Subject matter jurisdiction exists for these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 as these counterclaims arise under federal law, namely the Trademark Act, 15 U.S.C. § 1051 et seq..

2. Upon information and belief, Counterclaim-defendants Joe's Jeans Subsidiary, Inc. and Joe's Jeans, Inc. (hereinafter collectively "Joe's") are corporations of the State of Delaware with their principal places of business at 5901 S. Eastern Avenue, Commerce, CA 90040.

3. There is also subject matter jurisdiction in that the Counterclaim-defendants are each Delaware corporations with their principal places of business in California and Maggy London is a New York corporation with its principal place of business in New York, and the amount in controversy exceeds $75,000.

4. This Court has subject matter jurisdiction regarding Maggy London's non-federal claims under the principles of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

5. Maggy London is a women's apparel manufacturer that distributes its merchandise for retail sale throughout the United States and internationally. Maggy London produces many items of women's apparel including dresses, skirts, shirts, blouses, pants, tops, coats, jackets, sweaters and scarves.

6. Maggy London markets its merchandise using several of its trademarks, as well as through private labels. In addition, Maggy London's related company Maggy Boutique manufactures women's apparel for sale under its own trademarks.

7. As a major manufacturer of women's apparel, Maggy London constantly seeks to enhance its offerings by expanding into different types and even new lines of clothing. For example, Maggy London started 30 years ago making only dresses, and now Maggy London produces many different types of clothing and accessories. In other words, Maggy London is not just a boutique manufacturer of dresses or blouses, but rather, prides itself on producing the finest products in all classes of women's apparel, striving to keep up with the constant shift in fashion trends into new and exciting types of merchandise.

8. On or about August 12, 1999, Maggy London applied to the United States Patent and Trademark Office ("USPTO") for registration of the trademark MUSE based on Intent to Use.

9. At least as early as December 31, 1999 (the "Use Date"), Maggy London began using the mark MUSE in commerce in connection with women's apparel. Since the Use Date, Maggy London has continuously distributed women's apparel in interstate commerce under the name MUSE.

10. Maggy London's MUSE label is a very important brand for the company and is treated by the company as a separate division. Notably, Maggy London spends significant sums specifically on advertising, promoting and marketing its MUSE line of clothing.

11. On July 2, 2002, the USPTO granted Maggy London Trademark Registration No. 2,589,023 for the mark MUSE.

12. Maggy London filed Declarations under Sections 8 & 15 of the Trademark Act on January 2, 2008 in connection with its trademark registration for MUSE. The registration has become incontestable pursuant to Section 15 of the Trademark Act.

13. In December, 2007, Maggy London discovered that Plaintiffs were selling women's denim pants using the MUSE trademark. Believing this to be a clear infringement of Maggy London's intellectual property rights, including its U.S. trademark registration for MUSE, Maggy London decided to stop Plaintiffs from continuing to trade on its MUSE trademark.

14. Maggy London's counsel promptly notified Joe's that Maggy London objects to its infringement of the Mark by letter dated December 19, 2007. On January 3, 2008, Joe's counsel provided a substantive response, stating that Joe's did not infringe Maggy London's rights in the MUSE trademark. On January 29, 2008, Maggy London's counsel responded by pointing out the errors in Joe's response and re-iterating its objection to the continued use of the MUSE mark.

15. Although Plaintiffs did not provide a written response to the January 29 letter, the parties' respective counsel engaged in several telephone conversations over the next few weeks. After it became clear that Joe's was unwilling to make a good faith effort to resolve this serious matter, Maggy London decided to initiate litigation against Joe's seeking monetary damages and

injunctive relief.

16. Shortly before Maggy London was prepared to file suit, Joe's Jeans Subsidiary, Inc. commenced the instant cause of action seeking declaratory relief. Joe's Jeans, Inc. has since been added as a co-plaintiff in this action.

17. Maggy London sells its merchandise through numerous retailers including Nordstrom. On the Nordstrom.com website, a recent search for "Muse" in women's apparel returned 13 items, of which 10 were Maggy London MUSE products and 3 were "MUSE" products made by the Plaintiffs.

18. An ordinary consumer viewing these items on the Nordstrom website, or on the Nordstrom store's apparel racks, would be confused into believing that all 13 items emanate from the same source.

19. An ordinary consumer who is familiar with clothing sold under Maggy London's MUSE trademark, upon encountering Joe's infringing goods in the marketplace, would be confused into believing that the goods are manufactured, distributed and/or sold under Maggy London's sponsorship or authorization, or that Maggy London is somehow affiliated with the manufacturer, distributor and/or seller of the goods.

20. Plaintiffs are, on information and belief, engaged in the business of promoting, selling and distributing goods including women's apparel which are similar or related to Maggy London's goods, under the mark "MUSE". Upon information and belief, Plaintiffs were aware some time ago of Maggy London's trademark and chose to continue to promote, sell and distribute its goods using Maggy London's MUSE trademark in spite of the existence of Maggy London's trademark registration.

21. The use by Plaintiffs of the identical mark MUSE for similar or related goods

causes a likelihood of confusion, deception and mistake, and is an infringement of Maggy London's trademark in violation of 15 U.S.C. § 1114.

22. By letters dated December 19, 2007 and January 29, 2008, Maggy London demanded that Plaintiffs terminate their use of the MUSE trademark on women's apparel and Plaintiffs have refused to comply.

23. Plaintiffs' acts of trademark infringement have been and continue to be willful.

### AS AND FOR A FIRST COUNTERCLAIM
### (Federal Trademark Infringement)

24. Defendant repeats and realleges each and every allegation contained in paragraphs 1-23 as if fully alleged herein.

25. Maggy London is the owner of United States Trademark Registration No. 2,589,023 for the trademark **MUSE.**

26. Maggy London has been and now is engaged in the business of promoting and selling in interstate commerce goods consisting of women's apparel and sportswear, namely - dresses, blouses, pants, skirts, jackets, coats, sweaters, shirts, tops and accessories, namely - scarves, and has promoted and marketed such goods under the trademark **MUSE**. Maggy London has used the trademark **MUSE** in commerce since at least as early as 1999. Maggy London has advertised its goods nationally under the mark **MUSE**, and the trademark has become an asset of substantial value as a symbol of Maggy London's high quality goods.

27. On July 2, 2002, Maggy London obtained Certificate of Registration No. 2,589,023 from the United States Patent and Trademark Office, on the Principal Register for the trademark **MUSE.** Registration No. 2,589,023 has become incontestable pursuant to Section 15 of the Trademark Act, 15 U.S.C. § 1065. A copy of that registration is attached hereto as Exhibit

A.

28.     Plaintiffs are, on information and belief, engaged in the business of promoting, selling and distributing goods including women's apparel which are similar or related to Maggy London's goods, under the mark "MUSE".  Upon information and belief, Plaintiffs were aware some time ago of Maggy London's trademark and chose to continue to promote, sell and distribute their goods using Maggy London's MUSE trademark in spite of the existence of Maggy London's trademark registration.

29.     The use by Plaintiffs of the identical mark MUSE for similar or related goods causes a likelihood of confusion, deception and mistake, and is an infringement of Maggy London's trademark in violation of 15 U.S.C. § 1114.

30.     Maggy London has demanded that Plaintiffs terminate use of the MUSE trademark on women's apparel and Plaintiffs have refused to comply.

31.     Plaintiffs' acts of trademark infringement have been and continue to be willful.

32.     By reason of the foregoing, Maggy London seeks damages to be determined by a jury in an amount to be determined at trial, but believed to exceed $2,000,000, and is entitled to all of the remedies provided for in 15 U.S.C. § 1116 et seq.

33.     Maggy London has no adequate remedy at law.

**AS AND FOR A SECOND COUNTERCLAIM**
**(Federal Unfair Competition/False Designation of Origin)**

34.     Defendant repeats and realleges each and every allegation contained in paragraphs 1-33 as if fully alleged herein.

35.     Maggy London's trademark **MUSE** is associated with women's apparel emanating from Maggy London.  Plaintiffs' interstate use of the identical mark constitutes a false

designation of origin and constitutes the use of a false description or representation in interstate commerce.

36. Plaintiffs' conduct is likely to deceive, cause mistake and confuse members of the public that Plaintiff is associated with, sponsored by or authorized by Maggy London.

37. Plaintiffs, in misappropriating the trademark MUSE have acted willfully and with full knowledge of Maggy London's rights to the **MUSE** mark and Plaintiffs have used this false designation of origin and description in contravention of 15 U.S.C. § 1125(a).

38. As a result of Plaintiffs' acts and its continued use of the trademark MUSE, unless restrained, Plaintiffs will continue to cause serious and irreparable injury to Maggy London.

39. By reason of the foregoing, Maggy London seeks damages to be determined at trial, but believed to exceed $2,000,000, and is entitled to all of the remedies provided for in section 43(a) of the Trademark Act.

40. Maggy London has no adequate remedy at law.

**AS AND FOR A THIRD COUNTERCLAIM**
**(Common Law Trademark Infringement/State Unfair Competition)**

41. Defendant repeats and realleges each and every allegation contained in paragraphs 1-40 as if fully alleged herein.

42. Plaintiffs' use of the trademark MUSE in offering, selling and distributing its goods constitutes a violation of Maggy London's trademark rights under the common law of the State of New York.

43. Plaintiffs' use of the trademark MUSE in offering, selling and distributing its goods is likely to result in injury to Maggy London's business reputation and dilution of the distinctive quality of Maggy London's trademarks

44. By reason of the foregoing, Maggy London seeks damages to be determined at trial but believed to exceed $2,000,000, and is entitled to all of the remedies provided for in § 368-d of the New York General Business Law.

**WHEREFORE,** Maggy London respectfully requests that this Court grant it a judgment:

(1) dismissing the Complaint in its entirety;

(2) on Maggy London's first and second Counterclaims, the entry of an Order:

    a. preliminarily and permanently enjoining Counterclaim-Defendants and their employees, servants, agents and all others acting in concert therewith from infringing, misappropriating or otherwise using the **MUSE** trademark in association with women's apparel; and

    b. directing the Counterclaim-Defendants to:

        i. file with this Court and serve on Maggy London within 10 days after service of the preliminary injunction, a report in writing, under oath, setting forth in detail the manner and form in which Counterclaim-Defendants have complied with the injunction;

        ii. deliver up for impoundment or destruction all materials now in their possession which bear or display the MUSE mark or colorable imitations thereof, together with any and all plates, negatives or other reproduction items capable of printing, reproducing or duplicating the MUSE mark or colorable imitations thereof;

(3) on Maggy London's first, second and third counterclaims, in an amount to be determined at trial, but in no event less than $2,000,000 stemming from

Counterclaim-Defendants' profits, gains and advantages wrongfully realized by them in pursuit of their acts of trademark infringement, and as a consequence of Counterclaim-Defendants' acts of unfair competition, including multiple damages in the amount of three times the damages sustained by Maggy London pursuant to § 35 of the Trademark Act, 15 U.S.C. § 1117, or, in the alternative, that Maggy London be awarded such other and further relief as to the Court may appear appropriate under the circumstances.

(4) on defendant's first, second and third counterclaims, that Counterclaim-Defendants be required to pay Maggy London's costs, expenses and reasonable attorney's fees in connection with this action pursuant to 15 U.S.C. § 1117; and

(5) for such other and further relief that the Court deems just and proper.

**Jury Trial Demand**

Maggy London demands a trial by jury on all issues so triable.

Dated: New York, New York
April 28, 2008

Respectfully submitted,

KUDMAN TRACHTEN ALOE, LLP
Attorneys for Defendant and Counterclaim-Plaintiff
Maggy London International, Ltd.

By: _____/s/_____
Thomas M. Furth (TF 0785)
Matthew H. Cohen (MC 6513)
Kudman Trachten Aloe LLP
350 Fifth Avenue, Suite 4400
New York, NY 10118
(212) 868-1010

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 2,589,023
Registered July 2, 2002

## TRADEMARK
### PRINCIPAL REGISTER

### MUSE

MAGGY LONDON INTERNATIONAL, LTD. (NEW YORK CORPORATION)
530 SEVENTH AVENUE
NEW YORK, NY 10018

FOR: WOMEN'S WEARING APPAREL AND SPORTSWEAR, NAMELY - DRESSES, BLOUSES, PANTS, SKIRTS, JACKETS, COATS, SWEATERS, SHIRTS, TOPS AND ACCESSORIES, NAMELY - SCARVES, LINGERIES, HOSIERY, SHOES AND HATS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

SN 75-773,735, FILED 8-12-1999.

JACQUELINE A. LAVINE, EXAMINING ATTORNEY