**FLASTER/GREENBERG P.C.**
By:   Abbe F. Fletman, Esquire
      Jordan A. LaVine, Esquire
FLASTER/GREENBERG P.C.
1628 JFK Boulevard, Suite 1500
Philadelphia, PA 19103
Phone: (215) 279-9393
*Attorneys for Plaintiffs/Counterclaim Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOE'S JEANS SUBSIDIARY, INC., and JOE'S JEANS, INC.,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>-against-<br><br>MAGGY LONDON INTERNATIONAL, LTD.<br><br>Defendant and Counterclaim Plaintiff. | No. 08-cv-03248 |

**PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs Joe's Jeans Subsidiary, Inc. and Joe's Jeans, Inc. ("Joe's Jeans" or "Plaintiffs"), hereby respond to the counterclaims of Defendant Maggy London International, Ltd. ("Defendant"), as follows. Plaintiffs deny each allegation contained in the counterclaims that is not expressly admitted below.

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Denied. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6. Denied. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7. Denied. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. Admitted, upon information and belief.

9. Denied. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. Denied. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. Admitted, upon information and belief.

12. Denied. Paragraph 12 states conclusions of law to which no response is required. To the extent its allegations are deemed factual and a response is required, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13. Denied. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14. Admitted in part; denied in part. It is admitted only that: Defendant's counsel sent Plaintiff a letter dated December 19, 2007; Plaintiffs' counsel provided a substantive response on January 3, 2008; and Defendant's counsel responded by letter on January 29, 2008. Any remaining allegations of Paragraph 14 are denied, including the allegations that Defendant's counsel notified Plaintiffs "promptly" and pointed to errors in Plaintiffs' counsel's response. By way of further response, the above-referenced letters of December 19, 2007, January 3, 2008,

2

and January 29, 2008 are writings that speak for themselves. To the extent the allegations of Paragraph 14 seek to characterize these writings, they are denied.

15.     Admitted in part; denied in part. It is admitted only that Plaintiffs did not provide a written response to Defendant's January 29, 2008 letter and that the parties' respective counsel engaged in several telephone conversations regarding the matter over the following weeks. The remaining allegations of Paragraph 15 are denied. By way of further response, Plaintiffs were and are willing to make a good faith effort to resolve this matter, and Plaintiffs are without knowledge or information sufficient to form a belief as to the basis for or timing of Defendant's decisions.

16.     Admitted in part; denied in part. It is admitted only that Joe's Jeans Subsidiary, Inc., commenced the instant cause of action seeking declaratory relief and that Joe's Jeans, Inc., has since been added as a co-plaintiff in this action. Any remaining allegations of Paragraph 16 are denied. By way of further answer, Plaintiffs are without knowledge or information sufficient to form a belief as to when Defendant was prepared to file suit.

17.     Admitted in part; denied in part. It is admitted, on information and belief, that Defendant sells its merchandise through retailers including Nordstrom. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17, and therefore they are denied.

18.     Denied.

19.     Denied.

20.     Admitted in part; denied in part. It is admitted only that Plaintiffs are engaged in the business of promoting, selling, and distributing goods including women's apparel. The remaining allegations of Paragraph 20, including the allegations that these goods are similar or

related to Defendant's goods and that Plaintiffs were aware of Defendant's alleged trademark "some time ago," are denied.

21. Denied. Paragraph 21 contains conclusions of law to which no response is required. To the extent the allegations of Paragraph 21 are deemed factual and a response is required, the allegations are denied.

22. Admitted in part; denied in part. It is admitted only that Defendant's letters of December 19, 2007 and January 29, 2008 purported to demand that Plaintiffs terminate their use of the Muse trademark, and that Plaintiffs have not since terminated use of the designation "Muse." To the extent that Paragraph 22 contains any other factual averments, or avers that Plaintiffs have infringed Defendant's MUSE trademark, those averments are denied.

23. Denied. Paragraph 21 contains conclusions of law to which no response is required. To the extent the allegations of Paragraph 21 are deemed factual and a response is required, the allegations are denied.

24. Plaintiffs incorporate each and every response contained in Paragraphs 1-23 as if fully set forth herein.

25. Admitted, on information and belief.

26. Denied. Plaintiffs are without knowledge or information sufficient to form a belief as to the allegations of Paragraph 26, and therefore they are denied.

27. Admitted in part, on information and belief; and denied in part. Plaintiffs admit, on information and belief, that Defendant obtained the Certificate of Registration No. 2,589,023 from the United States Patent and Trademark Office on July 2, 2002, and that a copy of that registration is attached to Defendant's Answer and Counterclaims as Exhibit A. The remaining

averments of Paragraph 27 state conclusions of law to which no response is required, and therefore, these averments are denied.

28. See Plaintiffs' response to Paragraph 20.

29. See Plaintiffs' response to Paragraph 21.

30. See Plaintiffs' response to Paragraph 22.

31. See Plaintiffs' response to Paragraph 23.

32. Admitted in part; denied in part. Plaintiffs admit only that Defendant seeks the damages and remedies described in Paragraph 32. Any remaining allegations of Paragraph 32, including any allegation that Defendant is entitled to those damages or remedies, are denied.

33. Denied. Paragraph 33 states a conclusion of law to which no response is required.

34. Plaintiffs incorporate each and every response contained in Paragraphs 1-33 as if fully set forth herein.

35. Denied. Paragraph 35 states conclusions of law to which no response is required. To the extent the allegations of Paragraph 35 are deemed factual and a response is required, the allegations are denied.

36. Denied.

37. Denied. Paragraph 37 states conclusions of law to which no response is required. To the extent the allegations of Paragraph 37 are deemed factual and a response is required, the allegations are denied.

38. Denied.

39. Admitted in part; denied in part. Plaintiffs admit only that Defendant seeks the damages and remedies described in Paragraph 39. Any remaining allegations of Paragraph 39, including any allegation that Defendant is entitled to those damages or remedies, are denied.

40. Denied. Paragraph 40 states a conclusion of law to which no response is required.

41. Plaintiffs incorporate each and every response contained in Paragraphs 1-41 as if fully set forth herein.

42. Denied. Paragraph 42 states conclusions of law to which no response is required. To the extent the allegations of Paragraph 42 are deemed factual and a response is required, the allegations are denied.

43. Denied. Paragraph 43 states conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed factual and a response is required, the allegations are denied.

44. Admitted in part; denied in part. Plaintiffs admit only that Defendant seeks the damages and remedies described in Paragraph 44. Any remaining allegations of this paragraph, including any allegation that Defendant is entitled to those damages or remedies, are denied.

WHEREFORE, Plaintiffs seek judgment in their favor dismissing Defendant's counterclaims, and awarding its attorneys' fees, costs, and such other relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

Plaintiffs incorporate their responses to Paragraphs 1 through 44 of Defendant's counterclaims, above, as if set forth fully herein.

Without admitting or acknowledging that Plaintiffs bear any burden of proof as to any of them, Plaintiffs assert the following additional affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaims, in whole or in part, fail to state a claim upon which relief may be granted and Defendant fails to state sufficient factual and/or legal basis for its claims under either federal or state law.

## SECOND AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred, in whole or in part, by statutory law.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred by the equitable doctrine of acquiescence based upon Plaintiffs' open and notorious use of the "Muse" mark since at least as early as November, 2004, and Defendant's knowledge thereof.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred by the doctrine of mootness based upon Plaintiffs' open and notorious use of the "Muse" mark since at least as early as November, 2004, and Defendant's knowledge thereof.

## SIXTH AFFIRMATIVE DEFENSE

Defendant has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

There is no likelihood of confusion between the marks at issue.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs acted at all times in good faith, for legitimate business reasons, and without intent to violate any law or cause any harm to Defendant.  Furthermore, Plaintiffs did not fail to take any reasonable action that could have lessened or prevented any alleged injury or loss suffered by Defendant.

Plaintiffs intend to rely upon and utilize such other defenses as they become available or apparent during the course of discovery and hereby reserve the right to amend this Reply.

Respectfully submitted,

By: ___/s/ Jordan LaVine_____
Abbe F. Fletman, Esq.
Jordan A. LaVine, Esq.
FLASTER/GREENBERG P.C.
1628 JFK Boulevard, Suite 1500
Philadelphia, PA 19103
(215) 279-9393

and

John C. Re, Esq.
ARONAUER, RE & YUDELL, LLP
444 Madison Avenue, 17th Floor
New York, NY 10022
(215) 755-6000

*Attorneys for Plaintiffs/Counterclaim Defendants*

Dated:  May 27, 2008

## CERTIFICATE OF SERVICE

I, Jordan LaVine, Esquire hereby certify that on the 27th day of May, 2008, pursuant to the requirements of the Federal Rules of Civil Procedure, Plaintiffs' Reply to Defendant's Counterclaims was filed electronically and is available for viewing and downloading from the ECF.

By: ___/s/ Jordan LaVine_____
Jordan A. LaVine, Esq.
FLASTER/GREENBERG P.C.
1628 JFK Boulevard, Suite 1500
Philadelphia, PA 19103
Phone: (215) 279-9393
Fax: (215) 279-9394
jordan.lavine@flastergreenberg.com
*Attorney for Plaintiffs/Counterclaim Defendants*