Sweet, J

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/17/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOE'S JEANS SUBSIDIARY, INC., and JOE'S JEANS, INC.,

Plaintiffs and Counterclaim Defendants,

-against-

MAGGY LONDON INTERNATIONAL, LTD.

Defendant and Counterclaim Plaintiff.

No. 08-cv-03248 (RWS)
ECF Case




**STIPULATED DISCOVERY CONFIDENTIALITY PROTECTIVE ORDER**

It appearing that certain information, documents, and things of the parties subject to discovery in this action might include, embody or reflect trade secrets or non-public, confidential, or proprietary research, know how, technical, personal, business, financial or commercial information, or other information otherwise covered by a legitimate right or interest of privacy, within the meaning of Fed. R. Civ. P. 26(c), the laws of the State of New York, or other applicable laws (hereinafter individually and collectively referred to as "confidential information"), and the parties having agreed to the provisions of this order; NOW, THEREFORE, in the interest of permitting discovery to proceed,

IT IS HEREBY ORDERED by the Court that:

1. Any document or thing reasonably regarded by the producing party as containing confidential information may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Discovery Confidentiality Order (the "Protective Order"). If a disclosing party or non-party thereafter determines that it inadvertently failed to properly designate or label confidential materials, it may do so by giving prompt and timely notice to all parties, who shall

thereafter treat the materials pursuant to the provisions of this order. As a general guideline, confidential information or materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be those things that may be produced to the parties for the purposes of this litigation, but which are of a proprietary, business or technical nature that might be of value to a competitor, potential customer, or vendor of the party, or which are of a private nature, or as described above, and must be protected from disclosure to such individuals or entities and/or third parties.

2. A disclosing party may produce materials in redacted form, redacting only information that is protected or immune from or otherwise not subject to disclosure, and shall make the notation "Redacted," or other similar notation, on each redacted portion of the document.

3. Anything marked as "CONFIDENTIAL" may be used solely for purposes of this action and may be disclosed by the receiving party only to (i) outside counsel for the parties to this action who have appeared in this action as outside counsel of record or such counsel's paralegals and clerical employees whose function require their access to the confidential information; (ii) qualified persons taking testimony and necessary stenographic and clerical personnel thereof; and, subject to the restrictions set forth below in paragraph 11, deposition or trial witnesses; (iii) any person noted on the "CONFIDENTIAL" document as being an author or recipient; (iv) the Court and the Court's staff; (v) experts who are independent of the receiving party, not regularly employed by or associated with the receiving party and whose advice and consultations may be used by the receiving party in connection with this action; (vi) persons named in paragraph 4 of this Protective Order, subject to the conditions stated in that paragraph, (vii) in-house counsel for Joe's Jeans, Inc., and Joe's Jeans Subsidiary, Inc., or Maggy London

International, Inc., and (viii) no more than three (3) in-house employees for Joe's Jeans, Inc., and Joe's Jeans Subsidiary, Inc., or Maggy London International, Inc. In the event that the receiving party wishes to disclose such materials to more than three(3) of its employees, it shall first identify the additional employee(s) by name and title to the other parties and shall not make the disclosure for at least five (5) business days thereafter. If any other party objects to the proposed disclosure within the five (5) business-day period, then it shall not be made unless upon application to and order of the Court.

4. Confidential information may be designated as "HIGHLY CONFIDENTIAL" if the disclosing party believes in good faith that the information should not be disclosed to anyone within the provision of paragraph 3 because disclosure of such could have a significant adverse impact on the disclosing party's business, financial condition, ability to compete, or standing in the industry. Such information includes, without limitation, business plans, financial analyses and projections, contractual relationships with third parties, the identification of customers and suppliers, materials relating to on-going research and development efforts and future products and materials used solely for internal purposes in connection with development or sales training. Access to all materials designated as "HIGHLY CONFIDENTIAL" and disclosure of the information contained in such materials, shall be restricted solely to: (a) attorneys and agents in outside law firms which have appeared in this action as outside counsel of record (and their necessary support staff); (b) outside vendors for a party or their outside counsel of record who perform photocopying or other clerical functions; (c) independent outside experts (and their necessary support staff) retained specifically for this action as consulting or testifying experts and who have signed in advance the agreement contemplated in paragraph 11 of this Protective Order; and (d) the Court and its personnel.

5. Deposition testimony reasonably deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be identified as such on the record of the deposition in the course of the deposition, and in that event the reporter shall be instructed to mark the transcript of the deposition accordingly and separately bind the confidential portions. To the extent not designated during the deposition, a party has 21 calendar days following receipt of the deposition transcript to designate portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and provide such designations to opposing counsel. The portions designated will be marked by each party so as to ensure no breach of this Protective Order. Any disputes involving such designations must be resolved pursuant to Paragraph 10 of this Protective Order. The entire deposition transcript will be deemed "HIGHLY CONFIDENTIAL" during the 21-day period that a party is entitled to designate portions of the deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6. This Protective Order shall not preclude use by the receiving parties for other purposes of information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" which information is received or obtained separately from another source, or after disclosure hereunder it becomes available to the public through no act or failure to act in violation of this Order or any other duty to the designating party not to disclose, or was independently developed by the receiving party or was lawfully received by the receiving party, after the time of disclosure hereunder, from a third party having a right to make such disclosure.

7. The provisions of this Protective Order may be made available to a third party from whom information is sought provided that party's understanding is obtained in writing to be bound by the terms of this Protective Order.

8. Any document containing information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by any party, if filed with the Court, shall be enclosed for filing in a sealed envelope prominently marked with the caption of the case and a notation that the filing is confidential and subject to the Protective Order.

9. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information may be offered into evidence at the trial of this action in accordance with the rules of evidence and subject to such order as this Court may enter.

10. Any party objecting to the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may seek an order of the Court on the objection and shall abide by the designation pending issuance of such an order.

11. For any person subject to this paragraph and paragraphs 3 (v) and 4(b) and (c) of this Protective Order, BEFORE that person is given access to such confidential information (whether or not CONFIDENTIAL or HIGHLY CONFIDENTIAL), such person shall agree in writing (per Exhibit A hereto) to be bound by the terms and conditions of this Protective Order, and subjeet himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Protective Order, and a copy of the written agreement shall be provided to all parties BEFORE access to such confidential information is given to such person. Furthermore before receipt of confidential information any expert shall execute the form Exhibit A hereto.

13. This order does not relieve any party or non-party from compliance with the Federal Rules of Civil Procedure or the Local Rules or standing orders of this Court with respect to discovery disputes.

14. Upon termination of this and any other pending litigation between the parties, following settlement or final judgment (including exhaustion of all appeals), the originals and all copies of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials and/or information shall be either destroyed (rendered illegible by shredding or otherwise) or turned over to the party or non-party who produced such material, or to their respective counsel, within sixty (60) days. However, retained outside trial counsel may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes. If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material and/or information is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel, upon request, a certification that such destruction was performed.

14. Any documents filed under seal with the Court pursuant to this Protective Order shall be withdrawn by counsel within 90 days of final disposition of the case before the Court if no appeal and within thirty (30) days following final disposition of an appeal. Any documents, filed under seal that are not so withdrawn within the appropriate time period may be disposed of by the clerk of the Court within thirty (30) days.

15. This order does not affect or alter a disclosing party's rights to refuse to disclose information properly subject to the attorney-client privilege or the work-product doctrine. If a party, through inadvertence, produces or provides discovery that it believes is subject to a claim of attorney-client privilege, work-product immunity, or is otherwise protected from disclosure, the producing party may give prompt and timely written notice to the receiving party or parties that the document is subject to a claim of attorney-client privilege, work-product immunity, or other protection from disclosure, and request that the discovery be returned to the producing party. The receiving party or parties shall promptly return to the producing party such discovery.

Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be discoverable and/or usable in this action for reasons other than a waiver caused by the inadvertent production.

16. The terms of this Protective Order shall survive termination of this litigation.

ARONAUER, RE & YUDELL, LLP
Attorneys for the Plaintiffs Joe's Jeans Subsidiary, Inc. and Joe's Jeans, Inc.

By: ______________________
John C. Re (JR 7239)
444 Madison Avenue, 17th Floor
New York, New York 10022
(212) 755-6000

KUDMAN TRACHTEN ALOE, LLP
Attorneys for the Defendant Maggy London International, Inc.

By: ______________________
Thomas M. Furth (TF 0785)
Matthew H. Cohen (MC 6513)
350 Fifth Avenue, Suite 4400
New York, NY 10118
(212) 868-1010

FLASTER/GREENBERG P.C.

Attorneys for the Plaintiffs Joe's Jeans Subsidiary, Inc. and Joe's Jeans, Inc.

By: ______________________
Abbe F. Fletman (pro hac vice)
Jordan A. LaVine (pro hac vice)
1628 JFK Boulevard
Suite 1500
Philadelphia, PA 19103

SO ORDERED this 16 day of July 2008.

______________________
United States District Court Judge

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOE'S JEANS SUBSIDIARY, INC., and JOE'S JEANS, INC.,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>-against-<br><br>MAGGY LONDON INTERNATIONAL, LTD.<br><br>Defendant and Counterclaim Plaintiff. | No. 08-cv-03248 (RWS) |

UNDERTAKING OF ______________________________

1. My address is ______________________________

2. My present employer is ______________________________ and the address of my present employment is ______________________________

3. My present job or occupation is ______________________________

4. I have carefully read and understand the "Protective Order" in this action.

5. I will hold in confidence, will not disclose "Confidential Information" to anyone not qualified under the "Protective Order," and will use such information only for purposes of this action. I will return all such information that comes into my possession (including all copies of information made) to counsel for the party by whom I am retained.

6. I submit to the jurisdiction of this Court for the purposes of enforcement of the "Protective Order."

Date: ______________ Signed: ______________________